**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| JOHN T. GIRARDI, | ) | Hon. Donald R. Cassling |
| | ) | |
| Debtor. | ) | Case No. 14-37268 |
| | ) | |
| | ) | Kane County |

**COVERSHEET FOR FIRST AND FINAL APPLICATION OF SHAW FISHMAN
GLANTZ & TOWBIN LLC, COUNSEL TO THE TRUSTEE,
FOR PAYMENT OF FEES AND EXPENSES**

| | |
|---|---|
| Name of Applicant: | Shaw Fishman Glantz & Towbin LLC |
| Authorized to Provide Professional Services to: | Trustee |
| Date of Order Authorizing Employment: | February 20, 2015 |
| Period for Which Compensation is Sought: | February 13, 2015 through present |
| Amount of Fees Sought: | $17,716.60 |
| Amount of Expense Reimbursement Sought: | $2,282.40 |

This is a(n):    ☐ Interim Application       ☒ Final Application

If this is **not** the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
| -- | -- | -- | -- | -- |

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses incurred herein is:    $0.00.

Applicant:        Shaw Fishman Glantz & Towbin LLC

Date:   September 20, 2016        By:   /s/ Steven B. Towbin
                                           One of its members

{11191-001 APPL A0450785.DOCX}

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | Case No. 14-37268 |
| JOHN T. GIRARDI, | ) | Hon. Donald R. Cassling |
| | ) | Hearing Date:   October 14, 2016 |
| Debtor. | ) | Hearing Time:   11:00 a.m. |

**NOTICE OF MOTION**

TO:    Attached Service List

**PLEASE TAKE NOTICE** that on **October 14, 2016 at 11:00 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the **Honorable Donald R. Cassling**, in the Kane County Courthouse, 100 South Third Street, Room 240, Geneva, Illinois, 60134, or in his absence, before such other Judge who may be sitting in his place and stead and hearing bankruptcy motions, and shall then and there present the **First and Final Application of Shaw Fishman Glantz & Towbin LLC, Counsel to the Trustee, for Payment of Fees and Expenses,** a copy of which is attached and herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said pleadings.

**AT WHICH TIME AND PLACE** you may appear if you so see fit.

> Steven B. Towbin (IL ARDC 2848546)
> David R. Doyle (IL ARDC 6303215)
> Shaw Fishman Glantz & Towbin LLC
> 321 North Clark Street, Suite 800
> Chicago, IL  60654
> Phone: (312) 541-0151
> Fax: (312) 980-3888
> stowbin@shawfishman.com
> ddoyle@shawfishman.com

**CERTIFICATE OF SERVICE**

Steven B. Towbin, an attorney, certifies that he caused to be served a true copy of the above and foregoing notice and attached pleading upon the Electronic Mail Notice List through the ECF System which sent notification of such filing via electronic means on September 20, 2016.

> /s/ Steven B. Towbin

{11191-001 APPL A0450785.DOCX}

# Mailing Information for Case 14-37268

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Terence G Banich    tbanich@shawfishman.com, kbobb@shawfishman.com
- John S Biallas    jsb70@comcast.net
- Stephen J Costello    steve@costellolaw.com
- David R Doyle    ddoyle@shawfishman.com, kjanecki@shawfishman.com
- Joshua D. Greene    jgreene@springerbrown.com, iprice@springerbrown.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Thomas E Springer    tspringer@springerbrown.com, iprice@springerbrown.com
- Thomas E Springer    tspringer@springerbrown.com, tspringer@ecf.epiqsystems.com;IL85@ecfcbis.com;iprice@springerbrown.com
- Gregory K Stern    gstern1@flash.net, steve_horvath@ilnb.uscourts.gov
- Steven B Towbin    stowbin@shawfishman.com

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| JOHN T. GIRARDI, | ) | Hon. Donald R. Cassling |
| | ) | |
| Debtor. | ) | Case No. 14-37268 |
| | ) | |
| | ) | Kane County |

### FIRST AND FINAL APPLICATION OF SHAW FISHMAN GLANTZ & TOWBIN LLC, COUNSEL TO THE TRUSTEE, FOR PAYMENT OF FEES AND EXPENSES

Shaw Fishman Glantz & Towbin LLC ("Shaw Fishman"), counsel to Thomas Springer as chapter 7 trustee (the "Trustee") of the above-captioned bankruptcy estate (the "Estate"), pursuant to 11 U.S.C. § 330, Fed. R. Bankr. P. 2002(a)(6) and 2016(a), and Local Bankruptcy Rule 5082-1, applies to this Court (the "Application") for (i) final allowance and payment of $17,717.60 in fees for 74.5 hours rendered as counsel to the Trustee (the "Fees") in this bankruptcy case (the "Case"), and (ii) reimbursement of $2,282.40 in expenses (the "Expenses") incurred incidental to those services.  In support of the Application, Shaw Fishman respectfully states as follows:

### Introduction

1. John Girardi (the "Debtor") filed this chapter 7 bankruptcy case (the "Case") on October 14, 2014 (the "Petition Date").

2. The Trustee is the duly appointed chapter 7 trustee of the Debtor's bankruptcy estate (the "Estate").

3. The Court has core jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (M) and 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

**Retention of Shaw Fishman**

4.      The Trustee chose to retain Shaw Fishman as counsel in connection with certain avoidance actions and objections to the Debtor's homestead exemption. To that end, on February 17, 2015, the Trustee filed the *Application of Thomas E. Springer, Chapter 7 Trustee, to Employ Shaw Fishman Glantz & Towbin LLC as Counsel* [Dkt. No. 22] (the "Retention Application").

5.      In the Retention Application, the Trustee explained that the scope of Shaw Fishman's retention was limited to the following tasks:

   a. Objecting to one or more of the Debtor's exemptions;

   b. Liquidating the Estate's assets;

   c. Preparing motions, notices and orders pertaining to the administration of the Estate's assets and the investigation and prosecution of any causes of action available to the Estate, if necessary; and

   d. Providing all such other legal services as may be required in connection with the foregoing.

6.      On February 20, 2015, the Court granted the Retention Application and entered the *Order Granting Trustee's Application for Authority to Employ Counsel* [Dkt. No. 24] (the "Retention Order"), which approved the retention of Shaw Fishman as outlined in the Retention Application effective as of February 13, 2015.

**Services Rendered by Shaw Fishman**

7.      Shaw Fishman has provided not less than 74.50 hours of professional services to the Trustee in this Case with a value of $24,437.00. However, Shaw Fishman has agreed to reduce its fees to $17,717.60, such that, including Expenses, Shaw Fishman seeks an aggregate amount of $20,000.00. A detailed invoice (the "Invoice") is attached hereto as <u>Exhibit A</u> that provides descriptions of all the services rendered, as well as the timekeeper, date and amount of time spent.

{11191-001 APPL A0450785.DOCX}                                       2

The Estate has sufficient resources available to satisfy this administrative expense partly as a result of Shaw Fishman's efforts.

8. All of the services provided by Shaw Fishman relate to litigation over the Debtor's "tenancy by the entirety" exemption in a house located in Sleepy Hollow, Illinois. In discovery, the Trustee determined that the Debtor had transferred his interest in the house to his wife, who then transferred it back to herself and the Debtor as tenants by the entirety ("TBE"), during the four years prior to the Petition Date. Accordingly, the Trustee filed an adversary proceeding against the Debtor and his wife, Adv. Pro. No. 15-345, that sought to (i) avoid the initial transfer to the Debtor's wife as a fraudulent transfer pursuant to 11 U.S.C. § 544(b)(1) and 740 ICLS § 160 *et seq.*, and (ii) avoid the transfer into TBE as a "mediate transfer" under 11 U.S.C. § 550 (the "Fraudulent Transfer Action"). The Trustee simultaneously filed an objection to the TBE exemption claimed by the Debtor on the theory that, after the transfers were avoided, the Debtor would own the house individually and could no longer claim the TBE exemption. *See* [Dkt. No. 27] (the "Exemption Objection").

9. While the Fraudulent Transfer Action and Objection to Exemption were pending, Daniel Ritacca, a creditor who was also represented by Shaw Fishman, was prosecuting an adversary proceeding objecting to the Debtor's discharge (the "727 Counts") and challenging the dischargeability of his debt (the "523 Count"). *See* Adv. Pro. No. 15-85. After engaging in discovery, Dr. Ritacca and the Debtor reached a settlement pursuant to which Dr. Ritacca agreed to dismiss the 523 Count and seek dismissal of the 727 Counts. As part of that settlement, Shaw Fishman agreed to withdraw as counsel for the Trustee in the Fraudulent Transfer Action and Exemption Objection. Although the Court dismissed the 523 Count, the Court continued the motion to dismiss the 727 Counts while the Trustee determined whether to step in as plaintiff.

{11191-001 APPL A0450785.DOCX}    3

10. Eventually, the Trustee and the Debtor reached a settlement. The Debtor agreed to pay $75,000 to the Trustee in exchange for withdrawal of the Exemption Objection and dismissal of the Fraudulent Transfer Action and 727 Action, among other things. The Trustee moved to approve the settlement pursuant to Fed. R. Bankr. P. 9019 [Dkt. No. 53], and the Court granted that motion. *See* [Dkt. No. 59].

11. Shaw Fishman's services to the Trustee included: (i) conducting the initial investigation of the transfers of the house by the Debtor and his wife; (ii) researching authority governing TBE in Illinois and developing a theory for the Trustee to avoid the transfers of the house for the benefit of the Estate; (iii) drafting and finalizing the Exemption Objection and the complaint in the Fraudulent Transfer Action, commencing the Fraudulent Transfer Action and serving the defendants; (iv) issuing discovery on behalf of the Trustee to the defendants and third-parties in the Fraudulent Transfer Action; (v) conferring with the Trustee; (vi) communicating and negotiating with attorneys for the Defendants; and (vii) preparing for and attending hearings before the Court.

12. In summary, the total compensation sought as related to each professional is as follows:

| Professional | Position | Hours | Hourly Rate | Fees |
| --- | --- | --- | --- | --- |
| Steven B. Towbin | Member | 2.0 | $710 | $1,420.00 |
| Terence G. Banich | Member | 2.0 | $460 | $920.00 |
| David R. Doyle | Associate | 67.9 | $325 | $22,067.50 |
| Abigail C. Mast | Paralegal | 2.5 | $205 | $512.50 |
| Bernard Thomas | Paralegal | .1 | $140 | $14.00 |

13. The hourly rates charged by Shaw Fishman compare favorably with the rates charged by other Chicago metropolitan firms having attorneys and paralegals with similar experience and expertise as the Shaw Fishman professionals providing services to the Debtor in connection with the case. Further, the amount of time spent by Shaw Fishman with respect to the

case is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, the amounts at stake, and the ultimate benefit to the estate.

14. To the greatest extent possible, meetings, court appearances, negotiations and other matters were handled on an individual basis. However, it was occasionally necessary for more than one Shaw Fishman attorney to be involved in certain meetings.

15. The results of Shaw Fishman's efforts in this regard have inured to the benefit of the estate and to the interests of its prepetition creditors. Given the criteria set forth in § 330, namely (a) the nature, extent and value of the services; (b) the time spent; (c) the rates charged for such services; (d) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and (e) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, Shaw Fishman respectfully submits that the requested compensation represents a fair and reasonable amount that should be allowed in full.

**Expenses**

16. The aggregate amount of Expenses for which reimbursement is being sought is $2,282.40. All of the Expenses for which reimbursement is requested are Expenses which Shaw Fishman customarily recoups from its clients. The Expenses are summarized in the chart below, and an itemization is listed in the invoice.

| | |
|---|---|
| Photocopy | $26.29 |
| Copying services | $1,683.85 |
| Federal Express | $19.57 |
| Mileage | $148.72 |
| Discovery costs | $273.50 |
| Messenger | $8.00 |
| Pacer | $18.10 |
| Parking | $96.00 |

| Postage | $8.37 |
|---|---|

17.    All Expenses incurred by Shaw Fishman incidental to its services were customary and necessary. All Expenses billed to the Debtors were billed in the same manner as Shaw Fishman bills non-bankruptcy clients. Further, the Expenses for which reimbursement is sought constitute the types and amounts previously allowed by bankruptcy judges in this and other judicial districts.

### Notice

18.    Shaw Fishman has served notice and a copy of this Application on all parties that receive notice by CM/ECF in this case, including the Trustee and counsel to the U.S. Trustee. In addition, Shaw Fishman has served the appended detailed notice on all creditors of the Debtor. Shaw Fishman respectfully requests that the Court deem this notice sufficient and waive any further notice requirements pursuant to Fed. R. Bankr. P. 2002(a)(2).

### Conclusion

WHEREFORE, Shaw Fishman requests the entry of an order, substantially in the form attached hereto, that:

(a)    Approves and allows Shaw Fishman $17,717.60 in Fees and $2,282.40 in Expenses on a final basis;

(b)    Permits the Trustee to pay Shaw Fishman the Fees and Expenses from the Estate;

(c)    Waives other and further notice of the hearing with respect to this Application; and

(d)    Provides Shaw Fishman with such additional relief as may be appropriate and just under the circumstances.

                                                            Respectfully submitted,

                                                            SHAW FISHMAN GLANTZ & TOWBIN LLC

Dated: September 20, 2016            By:  */s/ Steven B. Towbin*
                                                                          One of its members

Steven B. Towbin (IL ARDC 2848546)
David R. Doyle (IL ARDC 6303215)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL  60654
Phone: (312) 541-0151
Fax: (312) 980-3888
stowbin@shawfishman.com
ddoyle@shawfishman.com